OPINION of the Court, by
Judge Owsiey.
bn the application, of Shepherd, a justice of the peace for Bullitt county issued a warrant against Carpenter, for a forcible entry or. detainer; and the jury summoned found Carpenter guilty of the forcible detainer, whereupon Carpenter by traversing the inquisition of the jit-ry brought the case before the circuit court.
Upon calling the cause in the circuit court, the motion of Carpenter to quash the warrant was overruled, and an issue being made up the jury returned a verdict in favor of Shepherd, subject to the opinion of the court •n the questions reserved; and the questions reserved being determined in favor of Shepherd, judgment of restitution was rendered in his favor.
No error is perceived in the decision of the court, either in overruling the motion of Carpenter or in the determination of the reserved questions against him. The motion to quash was made on a supposed defect, in the warrant’s charging a forcible entry or detainer, jn thé alternative. That charge,, we are however of opinion, although not as technical as it might have been, is substantially good, especially after a finding of the detain- *502 er by the jury, and a translation of the cause by traverse to the circuit court.
With respect to the reserved question, that turns exclusively upon the propriety _o>f admitting as evidence the deeds under which Carpenter claims. Those ¡deeds, under a possible state of case,-- might have been proper evidence to prove the extent or boundary of Carpenter5» possession ; but as they appear not to have been offered for that purpose, but to prove no title in Shepherd and a rightful possession in Carpenter, according to the decision of this court in the cases of Smith vs. Dedman, (ante 192) and Brumfield vs. Reynolds, (ante 389) ⅛⅞ court did right in deciding they were inadmissible.
Judgment affirmed with costs,